MARSHALL, District Judge:
 

 The bankrupt, Richard Hyatt, appeals from an order of the district court affirming the denial of a discharge of his debts in a bankruptcy proceeding. In that proceeding the bankruptcy judge concluded that certain acts Hyatt had committed while serving as a “standing trustee” for the bankruptcy court of the Southern District of California in several prior cases had violated paragraphs one and five of 18 U.S.C. § 152 (“Section 152”), the criminal provisions of the Bankruptcy Act.
 
 [1]
 
 Consequently Hyatt was denied a discharge of his debts pursuant to Section 14(c)(1) of the Act, formerly 11 U.S.C. § 32(c)(1).
 
 [2]
 

 We conclude that even if Hyatt was properly found guilty of violating Sec
 
 *809
 
 tion 152,
 
 [3]
 
 the mere presence of his former bonding company as a non-dischargeable creditor
 
 [4]
 
 in Hyatt’s bankruptcy proceeding does not create a relationship between the creditors in the prior and subsequent cases sufficient to justify the denial of a discharge of Hyatt’s debts.
 

 Appellant argued before the bankruptcy court that under
 
 Pugh v. ADCO,
 
 329 F.2d 362 (5th Cir. 1964), and its precursor,
 
 Raphiel v. Morris Plan,
 
 146 F.2d 340, 341 (2d Cir. 1944), he is entitled to a discharge of his personal indebtedness because the bankruptcy crimes occurred in other cases, not in the principal bankruptcy ease, so that his creditors were not harmed.
 

 The bankruptcy court found no requirement that Section 152 violations be committed in the same proceeding in order to justify denial of discharge.
 
 [5]
 
 In reaching this result it relied on the treatise,
 
 Collier on Bankruptcy
 
 and also on
 
 Pugh, supra.
 
 The Court specifically declined to follow
 
 Ra-phiel
 

 Collier on Bankruptcy
 
 is a most helpful work on the status of the law. We do not, however, accept its conclusion as to this particular issue, nor do we find any inconsistency between
 
 Pugh
 
 &
 
 Raphiel.
 

 The opinion expressed in Collier’s treatise is based primarily on a literal reading of the statute. The statute states very simply that when a bankrupt has violated Section 152 he shall be denied discharge. It does not state that the acts must be committed in the same proceeding, nor does it state that they need not be. The treatise suggests that “(t)he absence of a specific showing of legislative intent to the contrary can hardly be made the basis for contradicting the plain statutory language or reading into it a limitation not stated, because of what seems to be an inequitable or harsh result.” 1A Collier on Bankruptcy, par. 14.-17(2) at 1315. We disagree. It is precisely when Congress has not stated the specific limits of a statute that the interpretive role of the court becomes most important. The bankruptcy court is a court of equity and must be guided by equitable principles in the effectuation of the policy of the Bankruptcy Act.
 
 Turner v. Boston,
 
 393 F.2d 683, 684 (9th Cir. 1968);
 
 Hull v. Powell,
 
 309 F.2d 3. 5 (9th Cir. 1962).
 

 In
 
 Raphiel,
 
 the bankrupt was involved in a bankruptcy proceeding in which he did not apply for a discharge. Subsequently, he was convicted of an offense under the Act in connection with that proceeding. Several years later another proceeding was be
 
 *810
 
 gun when Raphiel, the bankrupt, filed a voluntary petition in bankruptcy. The Referee denied a discharge to Raphiel, because of his criminal conviction in connection with the prior bankruptcy proceedings. The district court affirmed. On appeal the Second Circuit revised the decision, holding:
 

 Where a discharge is barred under § 14, sub. c(2-7) because of a wrongful act of the debtor, a future discharge will be denied only in regard to those who were creditors at the time that the wrongful act occurred, or became creditors within the time specified by the Act. But the doctrine adopted by the district court would prevent the discharge in bankruptcy as to all creditors for all time when the wrong committed is a bar under § 14, sub. c(l). Neither § 14, sub. c, nor any other provision of the Act makes such a differentiation, and there is nothing in the legislative history to justify it. . .
 

 Appellant should be granted a discharge from all debts except those involved in the earlier bankruptcy proceeding.
 

 146 F.2d at 340-41.
 

 Raphiel
 
 has since been followed in another case.
 
 In re Herold,
 
 131 F.Supp. 407 (E.D.N.Y.1954),
 
 affirmed sub. nom. Schieffelin & Co. Inc. v. Herold,
 
 222 F.2d 262 (2d Cir. 1955). We concur with the reasoning and the result reached by the Second Circuit in
 
 Raphiel.
 

 In departing from the ruling of
 
 Raphiel
 
 the bankruptcy court purported to follow the case of
 
 Pugh v. ADCO,
 
 329 F.2d 362 (5th Cir. 1964). Quoting a passage from that case, the bankruptcy court found that as a matter of public policy it would be “shocking” to send an embezzling trustee forth with a general discharge. It is important to note, however, that the court in
 
 Pugh
 
 took great care to distinguish its holding specifically from the holding in
 
 Raphiel.
 
 In
 
 Pugh
 
 the bankrupt had been guilty of offenses against the Act in a prior proceeding by a corporation of which he was the president and principal stockholder. Many of the creditors he listed in his personal proceeding had been listed by the corporation in the earlier proceeding. To a large extent, then, the interests of Pugh as a debtor were identical with the interests of the corporation as a debtor in the earlier proceeding. This link was an essential factor in the court’s determination. The rule established in
 
 Pugh
 
 was that “(i)f the acts which are grounds for barring discharge bear some reasonable relationship to the rights of creditors in the personal bankruptcy proceeding, then the discharge should be barred.” 329 F.2d at 364.
 

 In the instant case, appellee Stuhley argues that
 
 Pugh
 
 sets forth a new rule for determining the relationship between the acts of a debtor and the rights of his creditors in one bankruptcy proceeding and in subsequent proceedings. Applying that rule, appellee contends that in the instant case the requisite “reasonable relationship” exists because Hyatt’s bonding company has paid Hyatt’s debts to the creditors of the prior action and thus become subrogat-ed to their rights to repayment. The bonding company is now a creditor in the present action. From these facts appellee contends that the bonding company is in the shoes of the prior creditors and establishes the connection necessary under
 
 Pugh.
 
 This connection, however, is too remote.
 

 Pugh,
 
 as well as other cases decided along the same lines, involved situations in which the bankrupt in the second proceeding was the wrongdoer and a controller or major stockholder of a corporation in the first proceeding. See
 
 In re Marcus,
 
 149 F.Supp. 496 (S.D.N.Y.1957) (the bankrupt had been the principal stockholder of the corporation in the first proceeding);
 
 In re Cole,
 
 88 F.Supp. 842 (E.D.N.Y.1950) (the bankrupts had been the only two officers and directors of the corporate bankrupt in the first proceeding). In these cases, as in
 
 Pugh,
 
 a discharge would have allowed the bankrupts to circumvent the denial of discharge in the first proceeding. Therefore, the holdings in these cases did not contradict the holding of
 
 Raphiel,
 
 but involved facts which were clearly distinguishable.
 

 We conclude that in order to deny discharge as to all creditors under section 14(c)(1), the bankruptcy offenses must involve the bankrupt’s current proceedings or
 
 *811
 
 involve a prior proceeding in which the bankrupt debtor had substantial identity with the current bankrupt, as in
 
 Pugh.
 

 Hyatt committed violations of 18 U.S.C. § 153 as the trustee in other bankruptcy cases, which are offenses that could also be punishable under 18 U.S.C. § 152. The bonding company, which is subrogated to the interests of defrauded creditors in those prior bankruptcy proceedings would, as noted above, have a non-dischargeable debt.
 
 [6]
 
 However, Hyatt’s bankruptcy offenses did not involve the current proceedings, nor any prior proceedings in which he had substantial identity with the bankrupt, so as to preclude discharge as to all creditors. The debts of Hyatt to the creditors in the former bankruptcy proceedings arose because of a breach of his fiduciary duty as trustee. They were, in effect, new debts that arose out of the administration of those proceedings, not debts of the bankrupt in the prior proceeding. Hence, the holdings of
 
 Pugh
 
 and similar cases cannot be authority for denying the discharge here.
 

 For the reasons stated above, the decision of the district court is reversed and the case remanded for further discharge proceedings in accordance with this opinion.
 

 [1]
 

 . The relevant portions of 18 U.S.C. § 152 read as follows:
 

 Concealment of Assets; False Oaths and Claims; bribery [1] Whoever knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or from creditors in any case under Title 11, any property belonging to the estate of a debtor or ...
 

 [5] Whoever knowingly and fraudulently receives any material amount from a debtor after the filing of a case under Title 11, with intent to defeat the provisions of Title 11;
 

 Note: The Memorandum of Decision actually reads that Hyatt committed a violation of the
 
 fourth
 
 clause of 18 U.S.C. § 152, but, in a footnote, quotes the fifth clause. Prior to the 1976 amendment of the section the offense presently outlined in the fifth clause was in fact found in the fourth clause. We assume that a finding of a violation of the fifth clause was intended.
 

 [2]
 

 . The Bankruptcy Act of 1898 was repealed by Pub.L. 95-598, November 6, 1978, 92 Stat. 2549 and the law relating to bankruptcy was recodi-fied and enacted as new Title 11, entitled “Bankruptcy,” to be effective for all proceedings commenced after October 1, 1979. Because the proceeding in question was commenced on October 26, 1978, the applicable law is that of the Bankruptcy Act of 1898. Section 14(c)(1) of that Act is codified in former Title 11 at Section 32(c)(1).
 

 Section 14(c)(1) reads as follows: “(c) The Court shall grant the discharge unless satisfied that the bankrupt has (1) committed an offense punishable by imprisonment as provided under Section 152 of Title 18.... ”
 

 [3]
 

 .It is not at all clear that the conclusion of the bankruptcy court was proper that certain acts by Hyatt constituted violations of Section 152.
 

 Although Section 152 may be violated by persons other than the bankrupt, it appears that the principal objectives of the provisions are to prevent and punish efforts by a bankrupt to avoid the distribution of any part of a liable bankrupt estate. Indeed, in regard to paragraph one of Section 152 which proscribes knowing and fraudulent concealment (see footnote 1 and accompanying text), earlier decisions have defined “concealment” as:
 

 ... the transfer to a third party of legal title to property with the retention of a secret interest by the bankrupt. If the transfer is absolute, even if it was in fraud of creditors it cannot form a specification of objection under 14c(l). (Cite omitted). The property must, in effect, be held in trust for the bankrupt. (Cites omitted).
 

 Matter of Vecchione,
 
 407 F.Supp. 609, 614 (E.D.N.Y.1976).
 

 In this case there is no indication that Hyatt retained any interest in the bankrupt estates for anyone other than himself. Therefore, his acts would not constitute “concealment” as it has been defined previously.
 

 [4]
 

 . Section 17(a)(4) of the Act, formerly 11 U.S. C.A. § 35(a)(4), reads:
 

 a. A discharge in bankruptcy shall release a bankrupt from all of his probable debts, whether allowable in full or in part, except such as ... (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity....
 

 [5]
 

 . This may cease to be an issue in cases decided under the new Bankruptcy Code (Title 11) which is effective for proceedings commenced after October 1, 1979. The substance of 14(c)(1) is now embodied in 11 U.S.C. § 727(a)(4). It provides that the court shall grant the debtor a discharge, unless he or she engages in certain prohibited conduct “knowingly and fraudulently,
 
 in or in connection with the case
 
 ” (emphasis added).
 

 [6]
 

 . See footnote 4.