BAUER, Circuit Judge.
 

 We are presented with the issue whether the bankruptcy court properly held that the doctrine of laches barred a debtor’s attempt to nullify a nearly three-year-old state court judgment in favor of a creditor who had counterclaimed in the state court suit instituted by the debtor. The district court affirmed the bankruptcy court’s determination. We affirm.
 

 I
 

 In December 1967, Martin Rosene contracted with Arthur Matthews to sell to Matthews certain residential real estate. Matthews made a small down payment and agreed to subsequent monthly payments. The agreement provided that Matthews would have no rights or interests in the property until delivery of a deed or when he made full payment of the purchase price of the land.
 

 In 1973, Matthews filed “for bankruptcy under Chapter 13 and listed Rosene as a creditor. Rosene filed a contract claim for approximately $18,000. In 1977, Matthews sued Rosene in the Circuit Court of Cook County seeking a declaratory judgment on the validity of the land sale contract. Ro-sene answered and filed a counterclaim. At the time the suit was filed, the bankruptcy court had made no determination regarding Rosene’s claim against the debt- or’s estate. After trial in November 1978, the circuit court granted Rosene’s motion for a directed verdict. The court awarded Rosene more than $20,000 on his counterclaim, and held that Matthews forfeited his interests in the contract. In March 1979, the court awarded Rosene $2,500 attorney’s fees.
 

 In April 1981, Rosene obtained a wage deduction summons against Matthews’ employer. The employer began garnishing Matthews’ wages. Matthews soon thereafter filed in the bankruptcy court a petition for a Rule to Show Cause why Rosene and his lawyer should not be held in contempt for violating the automatic stay provisions of the Bankruptcy Act. Matthews sought also a ruling that the circuit court order was void.
 

 The bankruptcy court dismissed Matthews’ petition and ruled that the doctrine of laches prevented it from nullifying a three-year-old state court order. The court stated that Matthews’ petition was far too late to challenge the state court’s jurisdiction, and the petition, if granted, would seriously prejudice Rosene’s rights. The court also noted that Matthews accepted the risk of facing a counterclaim when he instituted his action in the state circuit court. The district court affirmed the bankruptcy court decision, ruling that it
 
 *251
 
 was not an abuse of discretion to apply laches to bar Matthews’ contempt petition.
 

 II
 

 Orders issued in violation of the automatic stay provisions of the bankruptcy code,
 
 see
 
 11 U.S.C. § 362 (1978), ordinarily are void. (This case arose under Section 714, the precursor to Section 362.) A bankruptcy court, as a court of equity, nevertheless must be guided by equitable principles in exercising its jurisdiction.
 
 E.g., Stuhley v. Hyatt,
 
 667 F.2d 807 (9th Cir.1982);
 
 In re Amador,
 
 596 F.2d 428 (10th Cir.1979).
 

 The First Circuit has applied equitable principles to protect creditors from unwarranted liability arising from application of Section 362. In
 
 In re Smith Corset Shops, Inc.,
 
 696 F.2d 971 (1st Cir.1982), the creditors brought an action against the shop owner for trespass and ejectment in state court when the shop owner defaulted on lease payments. The state court ruled for the creditors, allowing them to move the shop owner’s goods out of the store and into a warehouse. Unknown to anyone involved in the state court action, the shop owner four days earlier had filed for Chapter 11 reorganization. The bankruptcy court ruled that the creditors had not tor-tiously converted the shop owner’s property notwithstanding the automatic stay provisions of Section 362. A bankruptcy appellate panel reversed. The First Circuit, however, reinstated the bankruptcy court’s ruling in favor of the creditors. The court ruled in part that Section 362 is subject to equitable considerations. The court accepted the bankruptcy judge’s determination that Section 362 did not render the creditor’s actions illegal because the creditors acted in good faith in ignorance of the pending bankruptcy petition and because the bankrupt’s unreasonable behavior contributed to the creditor’s plight.
 

 The equitable doctrine of laches can apply in a similar manner in this case to defeat Matthews’ claims. Section 362 is designed to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions. Suspension of Section 362 automatic stay provisions may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems.
 

 The district court did not abuse its broad discretion in applying laches here. The record supports the district court findings that Matthews unreasonably and inexcusably delayed asserting his claim against state court jurisdiction to the bankruptcy court and that Rosene would be seriously prejudiced if the state court order is voided.
 

 First, Matthews has not forcefully argued that his delay in challenging the state court’s jurisdiction was reasonable. A 33-month delay rarely can be reasonable unless excused. Matthews does claim as an excuse that Rosene pursued inconsistent remedies by seeking either forfeiture of the property or foreclosure under the land sale contract. But Rosene’s choice of remedies on filing his counterclaim has little to do with whether Rosene’s decision to counterclaim itself violated Section 362. We believe that Matthews’ current defense of his rights under Section 362 clearly presented itself in 1978 when the state court ruled that Matthews forfeited his interest in the land sale contract. Matthews thus should have petitioned the bankruptcy court at that time for relief. He has not offered a legitimate excuse for his delay.
 

 Second, the bankruptcy court and the district court both determined that Rosene would be seriously prejudiced if the state court order was set aside. Although the record is sparse regarding this issue, no evidence indicates that the finding is erroneous. The claim was settled and the property apparently sold years ago; some prejudice plainly would arise if the state court order was voided. Rosene pursued an appropriate course of action after Matthews’ decision to test his rights in state court resulted in a judgment for Rosene. Matthews’ argument that Rosene also would have been protected under the bankruptcy
 
 *252
 
 laws comes too late and does not weigh on the issue whether Rosene would be prejudiced by an order voiding the circuit court decision.
 

 Finally, although we need not decide if this factor alone would be enough to suspend the application of Section 362, our decision to allow equitable considerations to override the serious concerns of that section rests in large measure on the fact that Matthews initiated the state court proceedings. Matthews sought a judicial determination that he had an interest in the land sale contract. Rosene countered with his claim that Matthews had no interests. Matthews risked facing that claim. Once the circuit court determined that Matthews had no interests, equity prevents him from seeking the protection of the bankruptcy laws to avoid the circuit court order.
 

 Affirmed.