227 N.J. Super. 251 (1988)
546 A.2d 582
MARY PHILIPPE, PLAINTIFF,
v.
LONNIE BONNELL ANDERSON, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County, Special Civil Part.
Memorialized June 12, 1988.
Decided January 25, 1988.
*252 Evan Zwillman, (Zwillman & Zwillman) for plaintiff.
A. Albert Eichler, attorney for defendant.
ROSEMARY HIGGINS CASS, J.S.C.
The below opinion elaborates the rationale of my decision of January 25, 1988, denying defendant's motion to vacate default judgment.
The novel question raised by this motion is whether the automatic stay of the United States Bankruptcy Code, 11 U.S.C. 362, operates to render void a judgment entered during the period when the stay was in effect. The further question implicated is whether, assuming the judgment to be void, the court must vacate the judgment when same was entered more than four years ago.
The case arose initially out of a landlord/tenant action brought by defendant Anderson against plaintiff Phillipe for non-payment of rent. After judgment for possession was entered in January of 1983, plaintiff obtained an Order to Show *253 Cause with temporary restraints to enjoin defendant from executing the Warrant of Removal until March 1, 1983. The Restraining Order was signed on February 16. Sometime after the signing of the Restraining Order and in violation thereof, defendant changed the locks on the outside door of plaintiff's apartment house without giving her a new key. As a result, plaintiff remained in her apartment or had others remain in her apartment until she vacated it on March 1, 1983. Unfortunately, plaintiff's vigilance kept her from regularly attending work, and she was fired from her job for absenteeism.
Plaintiff then filed the complaint in the present action against defendant on June 6, 1983, seeking the return of her security deposit and also damages for unlawful detainer. Defendant admits being served with the complaint on June 20, 1983 but did not file an answer. Proofs were taken on September 14, 1983, and this Court determined the defendant was liable for his failure to return plaintiff's security deposit and damages as a result of defendant's forcible entry and detainer. The Court entered judgment for plaintiff in the amount of $3,306.25, together with attorneys' fees in the sum of $656.25. The total award plus interest is now in excess of $5,000.
On May 10, 1983, prior to the filing of the complaint on which the above judgment was entered, defendant filed a petition in bankruptcy sufficient to invoke the automatic stay provisions of the Bankruptcy Act (11 U.S.C. 362 (a)). No notice of same was given to the plaintiff nor to the state court. While plaintiff does not dispute that a stay was in effect on June 6, 1983, the date upon which the suit in state court was filed, he argues that when defendant's petition in bankruptcy was subsequently dismissed on September 23, 1983, the stay was lifted and the state court proceedings and judgment, confirmed on October 4, 1983, became valid. Defendant contends that since the automatic stay was in effect at the time the complaint was filed, even though there had been no notice to the plaintiff of the bankruptcy, the proceedings and the judgment entered were void ab initio.
*254 The automatic stay provision of the United States Bankruptcy Code provides in part that:
... a petition filed under ... this title operates as a stay, applicable to all entities, of 
1.) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....
Despite its broad reach, the automatic stay is not all encompassing. Matter of M. Frenville Co. Inc., 744 F.2d 332 (C.A.3rd 1984), nor does it necessarily render void actions taken during said stay.
The cases dealing with automatic stay pursuant to § 362 of the Bankruptcy Code are divided as to its effect on actions taken in violation of the stay provision. One line of cases stands for the proposition that actions taken in violation of an automatic stay are null and void ab initio, whether or not a creditor has received actual notice of the application for bankruptcy. In re Advent Corp., 24 B.R. 612, 614 (Bankr.App.1st Cir.1982); In re La Tempa, 58 B.R. 538, 540 (Bkrtcy.W.D.Va. 1986); In re Young, 14 B.R. 809 (Bkrtcy.N.D.Ill. 1981). A stay is triggered as soon as one petitions for bankruptcy. 11 U.S.C. 362(a). All one need do is file a one-page fill-in-the-blank bankruptcy petition and pay a $90.00 filing fee at the clerk's intake window. In re Kim, 71 B.R. 1011, 1015 (Bkrtcy.C.D.Cal. 1987).
In contrast, other cases hold that "the automatic stay provision merely suspends those proceedings to which it applies and does not divest the [state] court of jurisdiction." David v. Hooker, Ltd, 560 F.2d 412, 428 (9th Cir.1977) (emphasis added); Paden v. Union for Experimenting Colleges and Universities, 7 B.R. 289, 290-91 (N.D.Ill. 1980). As the court said in In re Mellor, 31 B.R. 151 (9th Cir. BAP 1983),
"... the retroactive effect of a bankruptcy court's annulment of th[e] automatic stay would effectively destroy the legal impediment to enforcement of the non-bankruptcy court's actions." Id. at 154.
*255 Preferring the reasoning of the latter group of cases, I find that the lifting of the stay on September 23, 1983 followed by the confirmation of judgment on October 4, 1983 served to reinstate the state court's proceedings and judgment which had been suspended.
Even were I to find that the proceedings were void ab initio, equitable considerations effectively erase the protections of an automatic stay and preclude finding in defendant's favor. Both federal and state law are in accord that the defendant may not simply sit back and do nothing to protect his rights for long periods of time. In re Fuel Oil Supply and Terminaling Inc., 30 B.R. 360 (Bkrtcy.N.D.Tex. 1983); Lavin v. Board of Education of the City of Hackensack, 90 N.J. 145 (1982); Garza v. Paone, 44 N.J. Super. 553 (App.Div. 1957); In re Oliver, 38 B.R. 245 (Bkrtcy.D.Minn. 1984).
In the Oliver case, the debtor did nothing to enforce an automatic stay until several months after foreclosure by publication began, and thus, the court found, effectively ratified the foreclosure by its silence. As the court in Oliver said, ".... the characterization of every violation of § 362 as being absolutely void is inaccurate and overly broad." Id. at 248, quoting, In re Fuel Oil Supply and Terminaling Inc., 30 B.R. 360, 362 (Bkrtcy.N.D.Tex. 1983).
In a Seventh Circuit ruling, the court held that a debtor's unreasonable and inexcusable delay in asserting his claim in the bankruptcy court against state court jurisdiction resulted in suspension of the automatic stay protections as to a state court judgment of three years before. Matthews v. Rosene, 739 F.2d 249 (7th Cir.1984). The Matthews court found that had the state court jurisdiction been voided, the creditor would have been seriously prejudiced. Id. at 251. In reaching its decision, the court also relied on the doctrine of laches as a general equitable ground on which to suspend a debtor's rights under § 362(a). Simply stated, the court found that
[s]uspension of Section 363 automatic stay provisions may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh *256 heavily in favor of the creditor and the debtor bears some responsibility for creating the problems. Ibid.

The equitable doctrine of laches also plays a role in barring defendant relief. As defined by Justice Heher in West Jersey Title and Guaranty Co. v. Industrial Trust Co., 27 N.J. 144 (1958), "... laches involves more than mere delay, mere lapse of time. There must be delay for a length of time which, unexplained and unexcused, is unreasonable under the circumstances and has been prejudicial to the other party." Id. at 153. More recently, the New Jersey Supreme Court articulated the factors for other courts to consider on the issue of laches:
The length of delay, reasons for delay, and changing conditions of either or both parties during the delay are the most important factors that a court considers and weighs.... It is because the central issue is whether it is inequitable to permit the claim to be enforced that generally the change in conditions or relations of the parties coupled with the passage of time becomes the primary determinant.... Inequity, more often than not, will turn on whether a party has been misled to his harm by the delay. Lavin v. Board of Education of the City of Hackensack, 90 N.J. 145, 152-53 (1982). (Citations omitted.)
In the present case, the debtor (defendant) certainly bears major responsibility for the situation created. Anderson admits in his certification that he was served with the summons and complaint and with a subsequent notice from the Constable that a judgment had been entered against him. He stated that he assumed his former attorney would handle the matter. When Anderson's former attorney did finally move in March 1987 to vacate the judgment, his motion was denied without prejudice, because the papers were deficient.
More than four years have passed since defendant's receipt of the complaint and the entry of judgment in September 1983. Defendant sets forth no explanation for this extraordinary delay other than that he assumed his attorney was handling the matter. The time elapsed is unreasonable under both the precedent already cited and the standard for reasonable time contained in New Jersey Court Rules governing motions to vacate default judgments. See generally, R. 4:50-1(d) and Comments; Garza v. Paone, supra.
*257 The common considerations set forth in case law and New Jersey Court Rules, namely, 1) delay for some length of time and 2) reasons for the delay and prejudice to the moving party by reason of delay, lead to a finding of laches in the case at bar. The delay here was longer than in either Matthews or Oliver and similar to that in Garza v. Paone, supra. The reason for delay, though unfortunate, is not thereby excusable. Depending on one's attorney to "handle things" can result in a forfeiture of rights.
Further, defendant's conduct has unquestionably caused great prejudice to plaintiff. To try the case at this stage would require testimony from witnesses of events occurring some five years ago. This substantially prejudices plaintiff.
Unreasonable time, inexcusable delay and prejudice to the creditor are the three criteria required by Matthews for setting aside the automatic stay provisions of Section 362. Alternately phrased, the equitable considerations must weigh heavily in favor of the creditor and the debtor must bear some responsibility for creating the problems. Matthews, supra at 251. Under either version of this test, I find that the criteria have been met. For the reasons set forth, defendant's motion is denied.