**In re Dennis J. DOWNING and Margaret Gay Downing, Debtors.**

**Bankruptcy No. 90–00008–C.**

United States Bankruptcy Court, N.D. Oklahoma.

June 22, 1992.

Donald Flasch, Tulsa, Okl., for debtors.

Eric M. Daffern, Tulsa, Okl., for Plastering.

Katherine Vance, Tulsa, Okl., Asst. U.S. Trustee.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

This matter comes on to be heard upon the Application for Relief from Stay pursuant to Section 362(d) of the Bankruptcy Code for the purpose of allowing G.L. Plastering, Inc. ("Plastering") to proceed with an action in Tulsa County District Court against Dennis J. Downing ("Debtor") for punitive damages. Debtor has objected to the relief being granted and has asked that the state court summary judgment entered against him be voided. This Court, now having considered the stipulation of fact and the documents admitted into evidence, finds as follows.

### Statement of Fact

Debtor filed for relief under Chapter 11 of the Bankruptcy Code on January 3, 1990. Plastering was not listed as a creditor. On May 8, 1990, without knowledge of the bankruptcy, Plastering filed an action in the Tulsa County District Court, against the Debtor, claiming compensatory and punitive damages for legal malpractice allegedly committed by the Debtor pre-petition (Debtor is an attorney). Debtor did not notify his attorney, in the bankruptcy proceeding or the bankruptcy court, that this case had been filed against him. Debtor never notified the plaintiff or its attorneys or the state court judge of the bankruptcy filing.

Plastering and Debtor actively litigated the malpractice action in the state court and on December 19, 1991, the state court entered a summary judgment in favor of the plaintiff for compensatory damages in the amount of $211,348.90 with interest and costs. The court also ordered a jury trial on punitive damages for July 6, 1992.

On March 18, 1992, twenty-two months after the state court suit was filed and over two years after the filing of the Chapter 11 petition, the Debtor filed a motion in the state court asking that it void the summary judgment against him on the grounds that it violated the automatic stay as provided for in § 362(a)(1) of the Bankruptcy Code. This was the first time that Plastering and its attorneys or the state court knew about the pending Chapter 11. The state court denied the motion.

Plastering, now having received notice of the pending Chapter 11 case, filed the present petition asking that the stay be modified so it could proceed in the state court with the jury trial on punitive damages.

On May 7, 1992, the Debtor filed a Motion Objecting to the Granting of Relief from Stay on the grounds that the summary judgment entered against him by the state court is void because it was entered in violation of the automatic stay.

### Conclusions of Law

Section 362(a) of the Bankruptcy Code provides in part as follows:

> [a] petition filed ... operates as a stay, applicable to all entities, of—
>
> > (1) the commencement ... of a judicial, ... proceeding against the debtor ... to recover a claim against the debtor that arose before the commencement of the case ...

The parties agree Plastering's institution of the suit against the Debtor on a prepetition claim for malpractice violated the automatic stay. The issue before this Court is whether the orders entered by the state court, admittedly in violation of the stay, are void or whether under some circumstances the bankruptcy court can apply equitable principles and hold the state court action is valid even though in violation of the stay.

In the case of *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371 (10th Cir. 1990), a summary judgment was granted in favor of the debtor (defendant) two weeks after it had filed for relief under Chapter 11. Neither the plaintiff or the trial court was aware of the filing. Some two years later, the plaintiffs appealed and the Tenth Circuit held the judgment of the district court was entered in violation of the automatic stay and, therefore, void. The court said:

> [A]ccording to the automatic stay provisions of section 362, all proceedings against a debtor are stayed upon the debtor's filing of a petition for bankruptcy. 11 U.S.C. § 362(a)(1). It is well es-

tablished that any action taken in violation of the stay is void and without effect. *Kalb v. Feuerstein,* 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84 L.Ed. 370 (1940) ("the action of the ... court was not merely erroneous but was beyond its power, void, and subject to collateral attack"); ...

Many courts, including the Tenth Circuit, however, have created an equitable exception to the above stated rule where the surrounding facts and circumstances dictate that to apply the rule would be inequitable. This exception was recognized by the Tenth Circuit in *In re Calder,* 907 F.2d 953 (10th Cir.1990). In this case, the creditor filed a proof of claim and it was objected to by the debtor because it was based on a state court judgment obtained in violation of the automatic stay. The undisputed facts showed that the debtor actively litigated in the state court action and did not notify the parties or the court of the pending bankruptcy until just before the state court was to enter a final judgment. The Tenth Circuit ruled that the claim should be allowed based upon the state court judgment and to do otherwise would be inequitable. The court stated as follows:

> [U]nder section 362(a), the filing of a bankruptcy petition creates a broad automatic stay protecting the property of the debtor. Ordinarily, any action taken in violation of the stay is void and without effect, *Ellis v. Consolidated Diesel Elec. Corp.,* 894 F.2d 371, 372 (10th Cir.1990), even where there is no actual notice of the existence of the stay, *In re Smith,* 876 F.2d 524, 526 (6th Cir.1989). Nevertheless, equitable principles may, in some circumstances, be applicable to claimed violations of the stay. The existing case law indicates that courts will apply equitable considerations at least where the creditor was without actual knowledge of a bankruptcy petition and the bankrupt's unreasonable behavior contributed to the creditor's plights. *See, e.g., In re Smith Corset Shops, Inc.,* 696 F.2d 971, 976–77 (1st Cir.1982) (debtor not entitled to protection where debtor remained "stealthily silent" while creditor obtained a default judgment and execution from a state court in violation of the automatic stay); *see also Matthews v. Rosene,* 739 F.2d 249, 251 (7th Cir.1984) (laches barred debtor's attempt to void a 33–month–old state court judgment on the basis of the automatic stay)....
>
> Calder must bear some responsibility for his unreasonable delay in asserting his rights under section 362(a). Calder's only explanation, that he forgot, is not a legitimate excuse for his delay. To hold otherwise and permit the automatic stay provision to be used as a trump card played after an unfavorable result was reached in state court, would be inconsistent with the underlying purpose of the automatic stay which is to give a debtor " 'a breathing spell from his creditors.' "

See also *Matthews v. Rosene,* 739 F.2d 249 (7th Cir.1984); *In re General American Communications Corp.,* 130 B.R. 136 (S.D.N.Y.1991); *In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982).

This Court believes the exception should apply in this case and the Court should grant relief from the stay to allow the jury trial, on punitive damages, to proceed. The Debtor, in this case, actively litigated the state court action against him which had been filed post-petition and in violation of the stay. The Debtor did not notify the opposing parties, the state court, his bankruptcy attorney or the bankruptcy court about this violation of the stay. Neither Plastering nor the state court had any knowledge of the bankruptcy proceeding until after the summary judgment in regard to compensatory damages which had been entered and the Debtor filed his motion to vacate that judgment. This is exactly the type of conduct that has been condemned by the Tenth Circuit as gambling on a state court trial and then when you loose, playing the trump card of the automatic stay and asking that the judgment be voided. This is not fair or equitable and cannot be done.

A separate order will be entered consistent with this Memorandum Opinion.