**In re Daniel P. LOGAN and Larkie S. Logan, Debtors.**

**Daniel P. LOGAN and Larkie S. Logan, Plaintiffs,**

**v.**

**QUAIL CREEK BANK, N.A., Defendant.**

**Bankruptcy No. 87–5157–A.
Adv. No. 92–1190.**

United States Bankruptcy Court,
W.D. Oklahoma.

Sept. 3, 1992.

Sarah Swanson Higgins, Eshbaugh, Simpson & Varner, Knoxville, Tenn., for debtors, plaintiffs.

Paul Streck, Crabtree & Associates, Oklahoma City, Okl., for defendant.

## ORDER DISMISSING COMPLAINT

RICHARD L. BOHANON, Chief Judge.

The parties dispute whether debtors remain personally liable to defendant post-discharge on a pre-petition unsecured debt.

Debtors filed this complaint seeking enforcement of the permanent injunction of § 524(a) against defendant's post-discharge efforts to collect the unsecured debt. Defendant moved for dismissal of the complaint on the basis that its debt was not discharged because it had been omitted from the matrix and had no knowledge of debtors' bankruptcy.

Defendant's motion and plaintiffs' response included documentary evidence as well as affidavits detailing the course of events leading up to this proceeding. Plaintiffs-debtors owed defendant, pre-petition, an unsecured debt which arose from loans made to a clinic in which one of the debtors was a principal. Debtors filed a petition in bankruptcy for the clinic, but voluntarily dismissed it.

Subsequent to dismissal of the clinic's bankruptcy, debtors filed a personal chapter 7 case. They failed to list defendant on the creditors' mailing matrix. Debtors received a discharge and the case was closed before defendant was made aware of it.

After receiving some knowledge of debtors' now closed personal bankruptcy case defendant filed suit in Oklahoma against debtors on the defaulted unsecured debt and notified debtors' attorney. Debtors did not answer or defend the suit and defendant was awarded a default judgment.

Approximately two years after the default judgment was entered defendant brought suit in Tennessee, where debtors then resided, for enforcement of the Oklahoma judgment. Debtors answered this suit, but did not seek any relief in this court.

About two more years passed before the suit in Tennessee neared trial. At no time during this period did debtors seek to enforce the permanent injunction of § 524(a) or otherwise advise the court or the bank that they had received a bankruptcy discharge some years previously. Finally, debtors filed this complaint which now seeks to bar defendant's collection efforts.

■ Bankruptcy court is a court of equity. *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939). The fresh start given to debtors by discharge of their debts and the permanent injunction of § 524(a) are provided only to the diligent debtor. *Local Loan v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). Under these principles, debtors must not act in such a way as to prejudice their creditors. Here the defendant-bank has been harmed both by delay and the expense of multistate litigation.

■ In this case, I conclude that debtors are barred by their actions from asserting that defendant has violated the permanent injunction. Under the equitable doctrine of laches, if debtors unjustifiably delay pursuing their rights and the defendant is prejudiced by the delay, debtors are barred from proceeding with the cause of action. *See In re Calder*, 907 F.2d 953, 956 (10th Cir. 1990); *Matthews v. Rosene*, 739 F.2d 249 (7th Cir.1984).

The longer the delay, the more prejudice is presumed. *See Goodman v. McDonnell Douglas Corp.*, 606 F.2d 800, 807 (8th Cir. 1979). Here, debtors have known for at least four years that defendant was pursuing collection of its debt, and therefore the necessity to seek relief in bankruptcy court for enforcement of the permanent injunction. Debtors must bear some responsibility for unreasonable delay in asserting their rights. *See In re Calder, supra.*

Accordingly, this complaint is dismissed with prejudice to its refiling.