**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30037 |
| Plaintiff - Appellee, | D.C. No. 9:07-CR-00077-DWM-1 |
| v. | |
| MONIKA ANTOINETTE-BATES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted December 7, 2009[**]
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Monika Antoinette-Bates appeals the denial of her motion for judgment of

acquittal pursuant to Federal Rule of Criminal Procedure 29. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

"A trial court's denial of a motion for acquittal under Federal Rule of Criminal Procedure 29 is reviewed de novo." *United States v. Johnson*, 357 F.3d 980, 983 (9th Cir. 2004). To determine whether there was sufficient evidence to support the conviction, the court must "review the evidence presented against the defendant in the light most favorable to the government to determine whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Pacheco-Medina*, 212 F.3d 1162, 1163 (9th Cir. 2000) (citing *United States v. Neill*, 166 F.3d 943, 948 (9th Cir. 1999), *cert. denied*, 526 U.S. 1153 (1999)).

"Concealment, for the purposes of 18 U.S.C. § 152, need not consist of secretly appropriating funds for one's own use. It is sufficient if one withholds knowledge of assets about which the trustee should be told." *United States v. Weinstein*, 834 F.2d 1454, 1462 (9th Cir. 1987). The jury heard testimony that Ms. Antoinette-Bates had full use of the GMC Yukon, which she purchased using money from her parents' account. This is the same account to which she transferred nearly half the proceeds from her divorce settlement. The trustee testified that he was not aware that Mr. Gasch, who held title to the home Ms. Antoinette-Bates purchased, was Ms. Antoinette-Bates' father until after the divorce attorneys initiated adversarial proceedings, or that the home Ms.

2

Antoinette-Bates purchased on behalf of her parents was the residence where Ms. Antoinette-Bates lived, or that Ms. Antoinette-Bates was paying the mortgage on that home. The jury was entitled to discredit testimony that she had no interest in the assets and to conclude that she transferred legal title to property to a third party while retaining a secret interest for herself. *Stuhley v. Hyatt*, 667 F.2d 807, 809 n.3 (9th Cir. 1982). Thus, on this record, a rational trier of fact could have found, as the jury did, that Ms. Antoinette-Bates concealed the true nature of her interest in property within the meaning of 18 U.S.C. § 152.

The jury was also entitled to reject Ms. Antoinette-Bates' advice of counsel defense. "Essential to the claim of reliance on counsel is a showing that the reliance be in good faith *and that the advice be obtained after full disclosure of all of the facts* to which the advice pertains." *United States v. Conforte*, 624 F.2d 869, 877 (9th Cir. 1980) (emphasis added), *cert. denied*, 449 U.S. 1012 (1980). Viewing the evidence in the light most favorable to the government, the record supports a finding that Ms. Antoinette-Bates did not provide all material information to her attorney. The jury was entitled to conclude that her attorney was not aware that she had control over her children's accounts, that she held or had control over the vehicle, that she was paying the entire mortgage payment, or that she purchased the house using a power of attorney on behalf of her parents.

3

Thus, the jury was entitled to conclude, consistent with the jury instructions, that Ms. Antoinette-Bates was not entitled to the advice of counsel defense.

**AFFIRMED.**