**20562. FAIRVIEW TERRACE, INC., v. ROBERTS, et al.**

DUCKWORTH, Chief Justice. This is an equitable action to cancel a security deed as a cloud on the petitioner's title, to temporarily restrain the defendant from foreclosing or in any other way disposing of or suing upon the security deed sought to be canceled, and to toll the interest on said debt. A sum allegedly stated by the defendant to be due is tendered into court in full payment of the alleged outstanding loan. The allegations show that the property was purchased by the petitioners by paying some cash, assuming an existing indebtedness secured by a security deed, and determining the amount of the indebtedness secured by the second security deed from the holder—the petitioners having relied on the figure stated by the defendant in the purchase of the property—with the intention of paying it off, which amount was thereafter tendered and refused, the defendant claiming an additional sum to be due. *Held:*

The petitioners alleging that, pursuant to the information received by them from the corporate officer of the defendant corporation—holder of the security deed—that the amount, so stated by her to be the amount due on the second mortgage, would be accepted in total payment thereof, they relied on this in the purchase of the property, the case is almost identical on its facts with that of *Fulton Building & Loan Association* v. *Greenlea*, 103 *Ga.* 376 (29 S. E. 932), wherein it was held that the holder is estopped from claiming, as against the property or the purchaser, any larger sum than that reserved by the purchaser at the time of the settlement

with the vendor. While the plaintiff in error urges that the principle of estoppel is defensive rather than offensive, nevertheless the petitioners have the right to protect themselves under Code § 37-1410 by removing the cloud on their title and prevent the holder from transferring the note, deed, and property to a bona fide purchaser for value, in which case the doctrine of estoppel would no longer be available to them. See also *Tompkins* v. *Philips*, 12 *Ga.* 52, 56; *Reedy* v. *Brunner & Co.*, 60 *Ga.* 107; *Freeny* v. *Hall*, 93 *Ga.* 706 (21 S. E. 163); *Elliott* v. *Keith*, 102 *Ga.* 117, 120 (29 S. E. 155); *Rieves* v. *Smith*, 184 *Ga.* 657, 664 (192 S. E. 372, 112 A.L.R. 368). It follows that the court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 13, 1959.

*Drennan & Brannon, Brackett & Brackett, Claud F. Brackett, Jr.*, for plaintiff in error.