901 F.2d 1073
 23 Collier Bankr.Cas.2d 852, Bankr. L. Rep. P 73,387
In re G. Randall CORNELISON; Mary L. Cornelison; Eulah L.
Cornelison; Loyd C. Cornelison; Sarah T.
Cornelison; Verbon L. Cornelison;
Dorothy M. Cornelison, Debtors.
FEDERAL LAND BANK OF JACKSON, In Receivership, Plaintiff-Appellant,
v.
G. Randall CORNELISON; Mary L. Cornelison; Eulah L.
Cornelison; Loyd C. Cornelison; Sarah T.
Cornelison; Verbon L. Cornelison;
Dorothy M. Cornelison,
Defendants-Appellees.
 No. 89-7699.
 United States Court of Appeals,
Eleventh Circuit.
 May 22, 1990.
 
 James T. Baxter, III, Berry, Ables, Tatum, Little & Baxter, P.C., Huntsville, Ala., Frank W. Donaldson, U.S. Atty., Richard E. O'Neal, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellant.
 Jack Caddell, Decatur, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before JOHNSON and CLARK, Circuit Judges, and BROWN, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Appellant Federal Land Bank of Jackson, the creditor in this bankruptcy action, originally appealed from the district court's order affirming the bankruptcy court's confirmation of the reorganization plans filed by Chapter 12 debtors G. Randall Cornelison, Mary L. Cornelison, Eulah Cornelison, Loyd C. Cornelison, Sarah T. Cornelison, Verbon L. Cornelison, and Dorothy M. Cornelison. Although the parties stipulated immediately prior to oral argument that the plans "do not meet the requirements for confirmation," and agreed to file new plans within 90 days, we write briefly to provide guidance for the district and the bankruptcy courts upon remand.
 
 
 2
 On January 19, 1988, each of the debtors[1] filed a petition under Chapter 12 of the Bankruptcy Code and an accompanying reorganization plan.[2] The bankruptcy court held a hearing on August 8, 1988, and on September 2, 1988, the court issued orders confirming the reorganization plans as amended. The bankruptcy court's findings with regard to each of the plans were identical:
 
 
 3
 1. The plan, as amended, complies within the provisions of this chapter and with other applicable provisions of this title;
 
 
 4
 2. Any fee, charge, or amount required under 28 U.S.C. chapter 123 or by the plan, as amended, to be paid before confirmation, has been paid;
 
 
 5
 3. The plan, as amended, has been proposed in good faith and not by any means forbidden by law;
 
 
 6
 4. The value, as of the effective date of the plan, as amended, of property to be distributed under the plan, as amended, on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under 11 U.S.C. chapter 7 on such date;
 
 
 7
 5. With respect to each allowed secured claim provided for by the plan, as amended:
 
 
 8
 (A) The holder of such claim has accepted the plan, as amended;
 
 
 9
 (B)(i) The plan, as amended, provides that the holder of such claim retain the lien securing such claim; and
 
 
 10
 (B)(ii) The value, as of the effective date of the plan, as amended, of property to be distributed under the plan, as amended, on account of such claim is not less than the allowed amount of such claim; or
 
 
 11
 (C) The debtor surrenders the property securing such claim to such holder; and
 
 
 12
 6. The debtor will be able to make all payments under the plan, as amended, and to comply with the plan, as amended.[3]
 
 
 13
 The findings almost mirror 11 U.S.C.A. Sec. 1225(a), the section of Chapter 12 which specifies the conditions which must be met before a reorganization plan can be confirmed. They differ only in the addition of the phase "as amended" at various points and the omission of the words "by the trustee or the debtor" in subsection (a)(5)(B)(ii) after the word "distributed."
 
 
 14
 An appellate court will not overturn a district court's approval of a bankruptcy court's factual findings unless the findings are clearly erroneous. In re Sublett, 895 F.2d 1381, 1383 (11th Cir.1990) (citing In re Thomas, 883 F.2d 991, 994 (11th Cir.1989); Bankr.R. 7052; Bankr.R. 8013). The bankruptcy court, however, must make factual findings. Neither the district court (which functions in an appellate capacity in a bankruptcy appeal) nor this Court may make independent factual findings; if the bankruptcy court is silent or ambiguous as to the necessary factual findings, the case must be remanded to the district court which presumably will remand to the bankruptcy court for the necessary factual determinations. Id. (citing Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir.1987)).
 
 
 15
 In the present case, the bankruptcy court's orders contain no findings of fact. Rather, under sections entitled "Findings of Fact and Conclusions of Law," each confirmation order merely reproduces the language of section 1225. The court does not discuss what evidence, if any, led it to conclude that the proposed plans met the requirements of section 1225. The bankruptcy judge appears to have provided a merely cursory rubberstamp approval of the Cornelison plans. On remand by the district court, it is imperative that the bankruptcy court clearly state factual findings which support its legal conclusions, whatever those conclusions may be. If the bankruptcy court confirms the new orders, it must explain how the orders comply with the language in section 1225. It must detail the evidence supporting the feasibility of the plans. It must provide payment schedules, so that compliance with the plans can be measured. It must explain how the Cornelisons are capable of meeting these payment schedules. In short, it must make the factual findings which are missing from the confirmed plans.
 
 
 16
 The order of the district court affirming the bankruptcy court's confirmation of the Cornelisons' reorganization plans is hereby REVERSED and REMANDED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior U.S. District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 Randall and Mary, Loyd and Sarah, and Verbon and Dorothy are married couples; each couple filed one petition and one reorganization plan. Eulah is the sister of Randall, Loyd, and Verbon; she filed one petition and one plan
 
 
 [2]
 Chapter 12 (11 U.S.C.A. Sec. 1201 et seq.) provides for the adjustment of debts of a family farmer with a regular annual income
 
 
 [3]
 Part five in each of the bankruptcy court's orders states that either (1) the claim holder has accepted the plan, (2) the plan provides for the claimholder to retain a lien on the claim and the value of the property is no less than the allowed amount of the claim, or (3) the debtor surrenders the property. The use of the disjunctive indicates that the court merely repeated the disjunctive language of section 1225, rather than making a factual finding regarding which of the three actions actually occurred. As discussed infra, this is not acceptable