In re Joseph N. BELL, Jr., Debtor.

SOMMERS COMPANY, Carver State Bank, Plaintiffs,

v.

Joseph N. BELL, Jr., Defendant.

Bankruptcy No. 93–41444.
Adv. No. 94–04020.

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

April 8, 1996.

Richard L. Roble, Savannah, GA.

Timothy Roberts, Savannah, GA.

James Blackburn, Savannah, GA.

James L. Drake, Jr., Savannah, GA.

### ORDER ON MOTION FOR RECONSIDERATION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Motion For New Trial Or Amend The Judgment filed by The Carver State Bank and The Sommers Company ("Plaintiffs"). The Court originally heard Plaintiffs' objection to discharge under 11 U.S.C. § 727 on January 9, 1996, and subsequent days of that week. The Court ruled in favor of the defendant, Joseph Bell, Jr. ("Debtor"), entering its findings of fact and conclusions of law orally in open court on February 6, 1996.

Plaintiffs seek reconsideration of that ruling, arguing that the Court erred by entering its findings of fact and conclusions of law in open court rather than reducing those findings and conclusions to writing. Plaintiffs further argue that the Court erred by finding that Plaintiffs had not carried their burden of proof, and by giving credence to Debtor's testimony. The Court will address these contentions in turn.

Bankruptcy Rule 7052 incorporates Rule 52 of the Federal Rules of Civil Procedure, and governs Findings of Fact and Conclusions of Law entered in an adversary proceeding. Under Fed.R.Bankr.P. 1018, Rule 7052 is also applicable to contested involuntary petitions, "proceedings related to contested ancillary cases and to proceedings seeking to vacate an order for relief. Additionally, it is applicable in contested matters raised by motions pursuant to Rule 9014, which include proceedings on an objection to the allowance of a proof of claim." 9 King, Collier On Bankruptcy, ¶ 7052.03, pp. 7052–2—7052–3 (15th ed. 1995).

In this matter, the Court heard a creditor's complaint objecting to the debtor's discharge based on inadequate recordkeeping, transfers of property and alleged false financial statements. Rule 52 therefore applies to these proceedings, and provides:

(a) Effect. In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. *Requests for findings are not necessary for purposes of review. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.* Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in subdivision (c) of this rule.

(b) Amendment. Upon motion of a party made not later than 10 days after entry

of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the district court an objection to such findings or has made a motion to amend them or a motion for judgment.

(c) Judgment on Partial Findings. If during a trial without a jury a party has been fully heard on an issue and the court finds against the party on that issue, the court may enter judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue, or the court may decline to render any judgment until the close of all the evidence. Such a judgment shall be supported by findings of fact and conclusions of law as required by subdivision (a) of this rule.

Fed.R.Civ.P. 52 (West 1995) (emphasis added).

As the text of the Rule states, findings of fact and conclusions of law are necessary. The Rule also states that the findings and conclusions need not be reduced to writing. The Court was in compliance with the Rule when the findings and conclusions were entered in open court. Plaintiffs' protestations to the contrary are without merit.

■ Appellate court review depends upon the clarity of the trial court's opinion. The facts and analysis must be sufficient to provide the reviewing court with a basis from which to apply the clearly erroneous and de novo standards, respectively.

In order to enable the appellate court to determine the basis for the decision below, the findings must be more than conclusory. [footnote omitted]. . . . If the obligation of the trial court under Rule 52(a) is not complied with, such as a failure to made findings or the making of incomplete or conclusory findings on material issues, an appellate court will normally remand and vacate the judgment in order for appropriate findings to be made. [footnote omitted]. Lack of findings is not jurisdictional and does not necessarily require a reversal of the judgment if a full understanding of the appellate issues can be determined in their absence. [footnote omitted].

Collier, ¶ 7052.04, pp. 7052-6—7052-7.

From the text of Rule 52 and Collier's analysis, we see that the findings and conclusions required are intended to facilitate appellate review. The question "how much is enough?" is a practical question dependent upon the complexity of the facts and issues in any given case.

Facts which are material to any conclusion of law should be clearly stated. Due to the deference given to trial court's findings of fact by virtue of the clearly erroneous standard, as long as the trial court's findings are rational, appellate courts are not likely to disturb these findings. Review of the conclusions of law involves determining if the statement of applicable law is correct, and if facts exist which support application of the law.

In *Federal Land Bank Of Jackson v. Cornelison (In re Cornelison)*, 901 F.2d 1073 (11th Cir.1990), the Eleventh Circuit Court of Appeals remanded a case to the Bankruptcy Court due to insufficient findings of fact. In each of several cases, the Bankruptcy Court had issued orders confirming Chapter 12 cases with identical findings of fact. The findings did no more than mirror and restate the requirements of 11 U.S.C. § 1225(a). In rejecting this perfunctory treatment of the requirements of Rule 7052, the court stated:

Neither the district court (which functions in an appellate capacity in a bankruptcy appeal) nor this Court may make independent factual findings; if the bankruptcy court is silent or ambiguous as to the necessary factual findings, the case must be remanded to the district court which presumably will remand to the bankruptcy court for the necessary factual determinations. [citations omitted].

*Id.* at 1075.

The posture of the case in *Cornelison* provides a good example of deficient findings. The court stated:

In the present case, the bankruptcy court's orders contain no findings of fact. Rather, under sections entitled "Findings of Fact and Conclusions of Law," each confirmation order merely reproduces the language of section 1225. The court does not discuss what evidence, if any, led it to conclude that the proposed plans met the requirements of section 1225. The bankruptcy judge appears to have provided a mere cursory rubberstamp approval of the Cornelison plans. On remand by the district court, it is imperative that the bankruptcy court clearly state factual findings which support its legal conclusions, whatever those conclusions may be. If the bankruptcy court confirms the new orders, it must explain how the orders comply with the language in section 1225. It must detail the evidence supporting the feasibility of the plans. It must provide payment schedules, so that compliance with the plans can be measured. It must explain how the Cornelisons are capable of meeting these payment schedules. In short, it must make the factual findings which are missing from the confirmed plans.

*Id.* at 1075.

█ Whether this Court has the authority to issue oral findings of fact and conclusions of law is not in question. The text of the Rule clearly gives the Court that flexibility. However, whether the Court should reduce the findings and conclusions to writing is a judgment call depending upon whether the Court can adequately detail the material evidence and rationale. As a rule of thumb, the more complex the facts and law involved, the more likely it is that a written opinion will better serve a trial court's duties under Rule 7052.

█ The Court has reviewed the transcript of the February 6, 1996, proceedings, and finds no dearth of findings which would necessitate a remand in the event that Plaintiffs appeal this ruling. The Court addressed the allegations of Plaintiffs, discussed those allegations in light of the facts of the case and rendered conclusions of law correlating the facts with the outcome of the analysis.

Every count of Plaintiffs' complaint was addressed, and facts were recited in each instance which supported denial of Plaintiffs' request for relief. This is far from the "rubberstamp" which justified remand in the *Cornelison* case cited above. An appellate court has a sufficient record from which to apply the de novo and clearly erroneous standards. Hence, the fact that the findings and conclusions were entered orally is of no import.

█ The Court turns to the remaining issues in Plaintiffs' motion for reconsideration. Motions for reconsideration of a bankruptcy court order are treated as motions to alter or amend under Fed.R.Civ.P. 59(e).[1] *In re Investors Florida Aggressive Growth Fund, Ltd.,* 168 B.R. 760, 768 (Bankr. N.D.Fla.1994). In all cases the burden lies with the moving party to show that reconsideration is appropriate. *Matter of Walker,* 1991 WL 186585 (Bankr.N.D.Ind.1991) (*citing In re Watson,* 102 B.R. 112, 113 (Bankr. S.D.Ohio 1989)). Rule 59 provides:

(a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

(b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of the judgment.

(c) Time for Serving Affidavits. When a motion for new trial is based upon affidavits they shall be served with the motion. The opposing party has 10 days after such service within which to serve opposing affi-

---

1. Made applicable by Fed.R.Bankr.P. 9023.

davits, which period may be extended for an additional period not exceeding 20 days either by the court for good cause shown or by the parties by written stipulation. The court may permit reply affidavits.

(d) On Initiative of Court. Not later than 10 days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party. After giving the parties notice and an opportunity to be heard on the matter, the court may grant a motion for a new trial, timely served, for a reason not stated in the motion. In either case, the court shall specify in the order the grounds therefor.

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

Fed.R.Civ.P. 59 (West 1995).

Although the Rule does not specify grounds for reconsideration, and this gives a great deal of discretion to the trial court, legal commentators caution against using the rule too liberally. According to 11 Wright, FEDERAL PRACTICE AND PROCEDURE, § 2810.1, pp. 124–130 (West 1995), "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* at 124. The editors thereafter set forth the basic grounds under which a Rule 59(e) motion may be granted, as follows:

First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. [footnote omitted]. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. [footnote omitted]. Third, the motion will be granted if necessary to prevent manifest injustice. [footnote omitted]. Serious misconduct of counsel may justify relief under this theory. [footnote omitted]. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law. [footnote omitted].

The Rule 59(e) motion may not be used to relitigate old matters, [footnote omitted] or to raise arguments [footnote omitted] or present evidence [footnote omitted] that could have been raised prior to the entry of the judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose. [footnote omitted]. In practice, because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.

*Id.* at 125–128.

■ Courts of the Eleventh Circuit appear to echo the cautionary language contained in the above cited treatise regarding the scope of review in a motion for reconsideration. The court in *Equity Hernando Woods, Inc. v. United States,* 910 F.Supp. 574 (M.D.Fla. 1995) stated "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Id.* at 575 (*quoting Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294 (M.D.Fla. 1993)). The grounds cited by the editors in Wright, FEDERAL PRACTICE AND PROCEDURE are also consistent with the case law of this Circuit. *Equity Hernando Woods* at 575 ("(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or manifest injustice."); *Venn v. St. Paul Fire and Marine Ins. Co.,* 173 B.R. 759, 770 (Bankr.N.D.Fla.1994) (" 'An intervening change in controlling law, the availability of new evidence, and the need to correct clear error or prevent manifest injustice.' ") (*quoting Estate of Pidcock v. Sunnyland America, Inc.,* 726 F.Supp. 1322, 1333 (S.D.Ga. 1989)).

Plaintiffs recite no change in controlling law or new evidence which would influence the Court's previous decision. The only possible remaining grounds under which to consider this motion lie in the "manifest injustice" aspect of reconsideration. Plaintiffs attempt to demonstrate manifest injustice by referring to the Court's observation that the case was a close call. Plaintiffs contend that the Court gave insufficient weight to aspects of the evidence which favor their case. Plaintiffs question the Court's judgment that the evidence as presented failed to rise to the level of the required preponderance of the evidence. This motion is

nothing more than a rehashing of Plaintiffs' arguments at trial, with emphasis placed on those aspects of the case which the Court found to favor Plaintiffs' position. Plaintiffs rely principally upon three issues: 1) Debtor's business savvy; 2) a $30,000 payment Debtor received for which Debtor has no records of disbursal; 3) ownership of household goods which belong to Debtor's wife but were included in a financial statement as Debtor's assets.[2]

The Court addressed each of these issues in the findings of fact and conclusions of law. The Court found that these failings were not due to any intentional misrepresentation, but rather were due to Debtor's lack of sophistication. Ultimately, the Court's decision rests upon the finding that Plaintiffs failed to carry their burden of proof. The Court found Debtor's explanations to be credible, and that the above contentions did not yield the sinister conclusion urged by Plaintiffs. The Court declines to reapportion the weight it assigned to the evidence offered in this case.

Accordingly, Plaintiffs' Motion For New Trial Or Amend The Judgment is hereby DENIED.

SO ORDERED.

---

**2.** Plaintiffs recite other purported errors, such as the Court's finding that Debtor maintained two part-time jobs as opposed to one full-time job and one part-time job. Plaintiffs also complain that it had a difficult time obtaining records from Debtor's wife. Upon review of the record, the Court notes that Plaintiffs are correct in their contention that Debtor retained the paycheck from his part-time job rather than turning both checks over to his wife. However, considering the totality of the evidence available, this does not alter the Court's conclusions. Debtor's wife kept the records for their household, and documented the majority of the family's expenses, including Debtor's. Debtor testified that he used the funds from the part-time job as "walking around" money. Plaintiffs did not present any evidence that this explanation was unreasonable, and the Court does not find this to be significant. The remainder of Plaintiffs' motion merely argues that the Court should reconsider the weight it assigned to the available evidence.