In re Alberta **GOLDBERG, Debtor.**

**Regions Bank, f/k/a Allied Bank of Georgia, Plaintiff,**

v.

**Wachovia Bank, NA, f/k/a Wachovia Bank of Georgia, NA, and A. Stephenson Wallace as Trustee for the Estate of Alberta Goldberg, Defendants.**

**Bankruptcy No. 98–12769.**
**Adversary No. 99–01007A.**

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.·

April 21, 2000.

Mark L. Wilhelmi, Attorney at Law, Augusta, GA, for plaintiff.

J. Randall Hall, Attorney at Law, Augusta, GA, for defendant.

### *ORDER*

JOHN S. DALIS, Chief Judge.

By Order entered March 3, 2000 in Adversary Proceeding 99–01007A ("Order"), I determined that plaintiff Regions Bank, f/k/a Allied · Bank of Georgia ("Regions Bank") held a first in priority security interest in the property known as 2501 Henry Street, Augusta, Richmond County, Georgia ("Property") and imposed penalties pursuant to O.C.G.A. § 44–14–3(c) against defendant Wachovia Bank, N.A., f/k/a Wachovia Bank of Georgia, N.A. ("Wachovia Bank"). Wachovia Bank has timely filed a Motion to Alter or Amend

Judgment ("Motion"), pursuant to Federal Rule of Bankruptcy Procedure 9023 which incorporates Federal Rule of Civil Procedure 59(e),[1] claiming that the Order contained mistakes in law and fact which should be corrected. The facts and law relevant to the Motion were fully set forth in the Order and are incorporated herein by reference. The Motion is denied.

Under Rule 59(e), a motion to alter or amend a judgment may be granted to correct errors of law or fact upon which the judgment is based. *In re McDaniel*, 217 B.R. 348, 350 (Bankr.N.D.Ga.1998) (citations omitted); *Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1017 (Bankr.N.D.Ga.1996) (citations omitted); *Sommers Co. v. Bell (In re Bell)*, 195 B.R. 818, 822 (Bankr.S.D.Ga.1996) (*citing* 11 Wright, *Federal Practice and Procedure*, § 2810.1, pp. 124–130 (West 1995) (footnotes omitted)). However, a Rule 59(e) motion may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of the judgment. *Id.* "Attempts to take a 'second bite at the apple,' to introduce new legal theories, or to pad the record for an appeal, constitute an abuse of the Rule 59(e) motion which the Court normally will not condone." *McDaniel*, 217 B.R. at 351 (citations omitted); *Homestead Partners*, 201 B.R. at 1017 (citations omitted); *accord Bell*, 195 B.R. at 822 (citation omitted). The burden lies with the moving party, here Wachovia Bank, to show that alteration or amendment of the original judgment is appropriate. *McDaniel*, 217 B.R. at 351 n. 5 (citation omitted); *Homestead Partners*, 201 B.R. at 1018 n. 4 (citation omitted); *Bell*, 195 B.R. at 821 (citations omitted). The Court has jurisdiction to hear this matter as a core bankruptcy proceeding under 28

---

1. Rule 9023. New Trials; Amendment of Judgments Rule 59 F.R.Civ.P. applies in cases under the Code, except as provided in Rule 3008.

    Rule 59. New Trials; Amendment of Judgments

[in pertinent part]
(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

U.S.C. § 157(b)(2)(A) and (K) and 28 U.S.C. § 1334 (1994). Since the Motion concerns property rights, property law of the State of Georgia is determinative. *Butner v. United States,* 440 U.S. 48, 54–55, 99 S.Ct. 914, 917–18, 59 L.Ed.2d 136 (1979); *Leggett v. Morgan (In re Morgan),* 115 B.R. 399 (Bankr.M.D.Ga.1990).

■ Wachovia Bank first argues that the Court allowed evidence to be submitted post-trial, that Wachovia Bank submitted evidence post-trial that a balance was owed on the Goldberg Brothers, Inc. credit card account, and that the Order disregarded this evidence in stating that Wachovia Bank failed to prove that there was a balance owed on the credit card account on August 23, 1995. At the end of the May 10, 1999 trial, I stated:

> THE COURT: All right. I want to make sure we have all of the evidence at this time. The documents presented and marked as exhibits have been admitted by stipulation.
>
> [WHEREUPON, Plaintiff's Exhibits Numbers 1 through 5 are ADMITTED into evidence.]
>
> THE COURT: I'll give each of you 30 days in which to submit any additional proposed findings and conclusions, from today's date. The matter is taken under advisement. We're adjourned.

(Transcript, pp. 1–115 & 1–116.) Submission of evidence after the trial was not permitted.

■ Even if the evidence had been allowed and considered, the existence of debt on the Goldberg Brothers, Inc. credit card has no impact on the outcome of this adversary proceeding. Proof of an outstanding balance in the credit card account shows that Wachovia Bank wrongly omitted the credit card account balance from its list of outstanding debt. The Order explains that in Georgia a creditor is held responsible for supplying an accurate figure when it is asked for the total dollar amount required to pay off debt. Wachovia Bank's proof that it provided an inaccu-

rate figure does not relieve it from that responsibility.

■ Second, Wachovia Bank asserts that the Court made mistakes of law in relying upon three cases determined by the Supreme Court of Georgia. *McGlaun v. Southwest Georgia Production Credit Ass'n,* 256 Ga. 648, 352 S.E.2d 558 (1987); *Fairview Terrace, Inc. v. Roberts,* 215 Ga. 407, 110 S.E.2d 641 (1959); *Fulton Building & Loan Ass'n v. Greenlea,* 103 Ga. 376, 29 S.E. 932 (1898).

Wachovia Bank states that the *McGlaun* holding is based on O.C.G.A. § 13–4–103 and general principles of accord and satisfaction. 256 Ga. 648, 352 S.E.2d 558. O.C.G.A. § 13–4–103 is mentioned once in *McGlaun,* in a "see also" citation. 352 S.E.2d at 560. Citations are preceded by "see" or "accord" to signal authority that directly states or clearly supports the proposition. *The Bluebook, A Uniform System of Citation,* p. 22 (16th edition 1996). In contrast, "see also" signals supplemental, not direct, material.

> *See also:* Cited authority *constitutes additional source material that supports* the proposition. "See also" is commonly used to cite an authority supporting a proposition when authorities that state or directly support the proposition already have been cited or discussed.

*The Bluebook,* p. 22. (emphasis in original). Thus, O.C.G.A. § 13–4–103 is not even direct authority for the opinion's propositions. *McGlaun* cannot be said to be based on O.C.G.A. § 13–4–103 when that statute is mentioned only once, and then only as supporting material.

Neither the facts nor the holding of *McGlaun* concern the contract theory of accord and satisfaction. 352 S.E.2d 558. "Accord and satisfaction occurs where the parties to an agreement, by a subsequent agreement, have satisfied the former agreement, and the latter agreement has been executed." O.C.G.A. § 13–4–101; *Nebraska Plastics, Inc. v. Harris,* 236 Ga. App. 499, 502, 512 S.E.2d 388, 390 (1999);

*Derosa v. Shiah*, 205 Ga.App. 106, 108(1), 421 S.E.2d 718, 721 (1992). In *McGlaun*, a borrower went to his creditor to pay off his secured debt, was told that a specific dollar amount was owed, and paid exactly that figure. 352 S.E.2d at 559–60. The creditor never cancelled the deed to secure debt, and later claimed that the debt had not been paid in full because one dollar remained outstanding. *Id.* No "subsequent agreement," no "accord," was alleged or described. A search for the word "accord" in the *McGlaun* case gives zero hits. 352 S.E.2d 558. The word "satisfaction" appears once. *Id.* at 560. "[G]eneral principles of accord and satisfaction" have nothing to do with *McGlaun*.

Wachovia Bank maintains that *Fulton Building & Loan Ass'n v. Greenlea* is not applicable to this adversary proceeding because the holding was based upon the lienholder having full knowledge that Mrs. Greenlea asked for the total due for the purpose of paying the entire debt and eliminating the lien. 29 S.E. 932. *Fulton* was determined by the Supreme Court of Georgia, on appeal from the City Court of Atlanta, where a jury trial was held. 29 S.E. at 933 & Syllabus by the Court. A reading of the case reveals that, as here, whether the holder of the deed did in fact have such full knowledge was strongly contested at the original trial. *Id.* at 932–34. In the City Court, the jury heard conflicting evidence from the parties and made a determination of fact that the deedholder did have full knowledge that Mrs. Greenlea intended to make full payment of all debt. *Id.* at 933–34. On appeal, the Supreme Court of Georgia reviewed the record and found no error. *Id.* at 934. It therefore applied principles of law to the facts as determined by the lower court's jury. *Id.*

Here also, the evidence as to whether Wachovia Bank understood that Regions Bank intended full settlement of debt and release of the security deed was conflicting. Just as in *Fulton*, a determination of fact was made that Wachovia Bank under-

stood or should have understood Regions Bank's intent, and the law of the State of Georgia was applied to that determination. 29 S.E. 932. *Fulton* is directly on point. *Id.* Wachovia Bank's related contention that it had no knowledge of Regions Bank's purpose was fully addressed in the Order.

Wachovia Bank next attempts to distinguish *Fulton* by noting that in *Fulton* the lender failed to provide information that would have allowed Mrs. Greenlea to take steps to protect herself. 29 S.E. at 934. The protection described in *Fulton* would have been full payment of all debt by either the buyer or seller of the encumbered property. *Id.* Rather than distinguishing *Fulton*, this directly correlates with the facts of this case. Wachovia Bank failed to provide Regions Bank with a full list of debt, such that Regions Bank could have paid the correct total. Wachovia Bank complains that Regions Bank, rather than protecting itself, "chose to blindly rely" on the list provided by Wachovia Bank. Yet on this issue the *Fulton* Court wrote, "it would be inequitable and unjust to require [Mrs. Greenlea] to pay more than the amount which the secretary had fixed." 29 S.E. at 934. The very point of the case law cited in the Order is that Wachovia Bank cannot provide an inaccurate number and then complain when that number is relied upon. *McGlaun*, 256 Ga. 648, 352 S.E.2d 558 (1987); *Fairview Terrace*, 215 Ga. 407, 110 S.E.2d 641 (1959); *Fulton*, 103 Ga. 376, 29 S.E. 932 (1898).

Wachovia Bank next claims that *Fairview Terrace* and *Fulton* are materially different from this proceeding because those cases involved one note while this case was more complex. 110 S.E.2d 641, 29 S.E. 932. Wachovia Bank offers no legal authority to support the proposition that a principle of law, that a lender must provide correct numbers, would apply to one debt but not to several. Nor is a logical argument shown. Wachovia Bank does state that payoffs are clearer

when only one note is involved, but that does not support absolving a bank from its obligation to be accurate. Wachovia Bank also states, "it can frequently be difficult for a borrower or other requesting party to accurately verify the accuracy of a loan payoff amount provided by a lender without a significant amount of effort and records." That scarcely supports shifting the burden of accuracy from the creditor. Wachovia Bank provides no logic and no legal authority to support its contention that a bank should not be expected to know the full extent of credit it has extended. The Court has no reason to consider alteration or amendment of the Order. *McDaniel,* 217 B.R. at 351 n. 5 (citation omitted); *Homestead Partners,* 201 B.R. at 1018 n. 4 (citation omitted); *Bell,* 195 B.R. at 821 (citations omitted).

Wachovia Bank reiterates that it did not understand the intent of the payoff and that the list of outstanding debt was not reviewed with the debtors. These points were fully addressed in the Order and will not be reconsidered.

Wachovia Bank argues that the Guaranty Agreement remained in effect until terminated in writing. In the Guaranty Agreement, Mrs. Goldberg (debtor in the underlying bankruptcy case) guaranteed all present and future debt of Goldberg Brothers, Inc. to Wachovia Bank. Whether the Guaranty Agreement remains in effect was not adjudicated, and whether or not Mrs. Goldberg remained a guarantor is irrelevant. The Order determined priority of liens on the Property.

Wachovia Bank's lien on the Property was perfected by filing the Deed to Secure Debt Securing Guaranty ("Security Deed"). The Security Deed referenced O.C.G.A. § 44–14–3 and called for cancellation upon payment of all debt secured. By both its own and the statute's terms, the Security Deed had to be cancelled upon payment in full of all debt to Wachovia Bank. O.C.G.A. § 44–14–3. As explained in the Order, payment, deemed by law to be payment in full, was made, and the Security Deed should have been cancelled upon receipt of the stated amount. Although the Guaranty Agreement may remain in effect, it is no longer secured by the Property.

██ Wachovia Bank's final contention is that penalties could not be imposed under O.C.G.A. § 44–14–3(c) because that statute concerns liability to "grantors," and Mrs. Goldberg, not Regions Bank, was the grantor of the Security Deed. O.C.G.A. § 44–14–3(a) defines terms used in that statute, including "grantor."

> 44–14–3. Furnishing of cancellation by grantee or holder upon payment; liability for failure to comply; cancellation of instrument after failure to comply; liability of agents.
>
> (a) As used in this Code section, the term:
>
> (4) "Grantor" means heirs, devisees, executors, administrators, successors, transferees, or assigns.

O.C.G.A. § 44–14–3(a)(4). The Deed to Secure Debt with Power of Sale, between Grantor Alberta Goldberg and Grantee Allied Bank of Georgia (now Regions Bank) dated August 23, 1995, signed by Alberta Goldberg, and perfected by filing on August 25, 1995 (Plaintiff's Exhibit 3) reads as follows:

> WITNESSETH that the said Grantor, for and in consideration of the sum of Five Dollars and other valuable considerations, the receipt of which is hereby acknowledged, has granted, bargained, sold, released, conveyed and confirmed, and by these presents does grant, bargain, sell, release, convey and confirm unto the said Grantee, its successors and assigns:
>
> [a description of the Property follows].

Since Mrs. Goldberg, by signing the Deed to Secure Debt, "granted, bargained, sold, released, conveyed and confirmed" the Property to Regions Bank, Regions Bank is a transferee of Mrs. Goldberg. Transferees are included in the definition of

"grantor" provided by O.C.G.A. 44–14–3(a)(4). O.C.G.A. 44–14–3(c) is appropriately applied. Wachovia Bank quotes from *Green v. Cohutta Banking Co.* to support its interpretation of O.C.G.A. § 44–14–3(c). 156 Ga.App. 292, 274 S.E.2d 688 (1980). The quotation does not exist and the case is off point. 274 S.E.2d 688.

In summary, Wachovia Bank has shown no mistakes of law or fact. Evidence of an outstanding balance in the credit card account was not properly submitted, and is irrelevant to the holding of the Order. The Georgia Supreme Court cases of *McGlaun, Fairview Terrace* and *Fulton* are directly on point with both the facts and legal issues of the adversary proceeding. 352 S.E.2d 558, 110 S.E.2d 641, 29 S.E. 932. Although these cases each concern one loan, and Wachovia Bank was asked for all debt which included several loans, neither logic nor precedent is offered to show why Wachovia Bank should not be relied upon to know the full extent of credit it had extended. Wachovia Bank next relies upon the cancellation provision of the Guaranty Agreement; however, the status of a different document, the Security Deed, was at issue and determined by the Order. Finally, Wachovia Bank's assertion that Regions Bank is not a "grantor" within the meaning of O.C.G.A. 44–14–3 is without merit according to that statute's own section of definitions. Other points raised by Wachovia Bank are merely attempts to relitigate matters resolved by the Order. On all allegations brought, Wachovia Bank has failed to meet its burden to show that the Court should alter or amend the Order. *McDaniel*, 217 B.R. at 351 n. 5 (citation omitted); *Homestead Partners*, 201 B.R. at 1018 n. 4 (citation omitted); *Bell*, 195 B.R. at 821 (citations omitted).

It is, therefore, ORDERED that the Motion to Alter or Amend Judgment filed by Defendant, Wachovia Bank, N.A., f/k/a Wachovia Bank of Georgia, N.A., is denied; and

It is further ORDERED that counsel for Regions Bank may, within twenty (20) days of the date of this order supplement counsel's request for attorney's fees to include attorney's fees incurred by Regions Bank in opposing this motion to alter or amend. Wachovia Bank may submit a response to any additional request within twenty (20) days of service.