*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 06b0004n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: LISA BARCLAY, | ) | |
| | ) | |
| Debtor. | ) | |
| ——————————————————— | ) | |
| | ) | |
| LISA BARCLAY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 05-8019 |
| | ) | |
| REIMER & LORBER CO. LPA, et al., | ) | |
| | ) | |
| Appellees. | ) | |
| ——————————————————— | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division, at Columbus.
No. 02-50794.

Submitted: November 9, 2005

Decided and Filed: February 1, 2006

Before: LATTA, PARSONS, and SCOTT, Bankruptcy Appellate Panel Judges.

———————————

**COUNSEL**

**ON BRIEF:** Jeffrey T. Kalniz, REIMER & LORBER CO., LPA, Twinsburg, Ohio, for Appellees.
Lisa Barclay, Gahanna, Ohio, pro se.

---

## OPINION

---

MARCIA PHILLIPS PARSONS, Bankruptcy Appellate Panel Judge.  The debtor appeals the bankruptcy court's order denying her motion to impose sanctions on the appellees for their alleged violations of the automatic stay, which motion was filed almost two years after the alleged violations occurred and more than a year and one-half after the debtor's chapter 11 case was dismissed for cause.  The debtor also appeals the bankruptcy court's subsequent order denying her motion to vacate the initial order.  Because the bankruptcy court did not abuse its discretion in these matters, we conclude that the bankruptcy court decisions should be **AFFIRMED**.

### I.  ISSUES ON APPEAL

The debtor raises two issues on appeal.  First, whether the bankruptcy court properly denied her motion for sanctions for violations of the automatic stay and her motion to vacate.  Second, whether the bankruptcy judge should be recused from hearing the motions because of an alleged bias against the debtor.

### II.  JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to decide this appeal.  The United States District Court for the Southern District of Ohio has authorized appeals to this Panel.  The BAP has jurisdiction over core proceedings and issues related to the automatic stay are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).  *In re Hughes-Bechtol, Inc. v. Constr. Mgmt., Inc., (In re Hughes-Bechtol, Inc.)*, 132 B.R. 339, 348-49 (S.D. Ohio 1991).

Findings of fact by the bankruptcy court are reviewed under the clearly erroneous standard.  Fed. R. Bankr. P. 8013.  A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S. Ct.

2

1504, 1511 (1985). Conclusions of law are reviewed de novo. *See In re Downs*, 103 F.3d 472, 476-77 (6th Cir. 1996).

The sanction or remedy imposed by the bankruptcy court for violation of the automatic stay is reviewed de novo for abuse of discretion. *In re Del Mission Ltd.*, 98 F.3d 1147, 1152 (9th Cir. 1996). "An abuse of discretion occurs only when the [trial] court 'relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Corzin v. Fordu (In re Fordu)*, 209 B.R. 854, 857 (B.A.P. 6th Cir. 1997) (quoting *In re Downs*, 103 F.3d at 480-81). A court also abuses its discretion "if the reviewing court has a definite and firm conviction that the trial court committed a clear error of judgment in the conclusion that it reached based on all of the appropriate factors." *Belfance v. Black River Petroleum, Inc. (In re Hess)*, 209 B.R. 79, 80 (B.A.P. 6th Cir. 1997) (citing *Bowling v. Pfizer, Inc.*, 102 F.3d 777 (6th Cir. 1996)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 608 (6th Cir. 2000).

## III. FACTS

The debtor Lisa Barclay filed a voluntary petition for bankruptcy relief under chapter 11 on January 23, 2002. Four months later, the United States trustee filed a motion to dismiss pursuant to 11 U.S.C. § 1112(b)(1), (2), and (3), asserting continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation, an inability to effectuate a plan, and unreasonable delay by the debtor that is prejudicial to creditors. After an evidentiary hearing on July 9 and 11, 2002, the bankruptcy court briefly took the matter under advisement and subsequently entered an opinion and order on July 15, 2002, granting the motion to dismiss for all the reasons argued by the United States trustee. In its ruling, the bankruptcy court observed that the debtor, who was proceeding *pro se*, had scheduled approximately $35,400 in unsecured credit card debt and $1,378,000 in secured debt, consisting of obligations to 15 different creditors relating to 19 rental properties and one Florida timeshare. The court noted that even though none of the secured debts had been scheduled as disputed, contingent, or unliquidated, the debtor began challenging the

validity of the secured debts after filing her petition. According to the court, the debtor responded to multiple requests for relief from the automatic stay with a barrage of discovery requests directed toward the lenders; she argued that the notes and mortgages were not valid and that there had been no perfection by possession; she alleged violations of the Federal Fair Debt Collection Practices Act, which was inapplicable since the secured debts were not consumer in nature; and she attacked the banking system and how loan funds were disbursed.

Based on the evidence presented regarding the debtor's challenges to the various secured claims, the bankruptcy court reached the following conclusions:

> The diatribes about the "validity" of the notes and mortgages against the various rental properties appear to the Court to be without merit and designed to delay the proceedings as long as possible. . . . The challenges were not to any calculations by creditors of amounts due under the notes, but were to the validity of all such debts. A review by the Court of the claims filed by the various creditors reveals no bases whatsoever for such challenges. There are copies attached to these proofs of claims of executed notes and mortgages with evidences of recordation data. The debtor's arguments are, frankly, a scheme to attempt to avoid her debts.

With respect to the specific allegations of the United States trustee's motion to dismiss, the bankruptcy court's findings of fact and conclusions of law included the following:

> Since this case was filed there have been thousands of dollars collected as rents from the various properties. Although some of the properties do not have tenants or have tenants who do not pay rent, the operating report for May 2002, for example, shows $9,317.00 collected in rents. No payments have been made to any of the lenders since the case was filed, however, and most of the rent monies appear to have been turned over to the debtor's boyfriend, A. Kafele. Although Mr. Kafele was called as a witness, he refused to disclose how any of the rent monies were used.
>
> . . . .
>
> The evidence introduced by the UST clearly established "cause" as contemplated by 11 U.S. C. § 1112(b)(1-3). The debtor was not able to satisfy any of the concerns raised by the UST which established such cause. The debtor and her boyfriend, whose role in this case is still unclear, exhibited no understanding of the duties imposed on a debtor-in-possession under § 1107 of the Bankruptcy Code. The actions of the debtor and Mr. Kafele since this case was filed have resulted in massive diversion of estate property (rent from the properties) for which the parties refused to give any explanations. . . .

4

There was not testimony about, and apparently no contemplation of, any reorganization plan. There also was no comprehension of the requirement and duty to account for estate property. There was evidence that a group with which Mr. Kafele may be associated occupies one of the properties rent-free. Questions about management of the properties were answered only in an evasive manner.

Frankly, this Court is greatly concerned that a debtor and her "friend" would use a federal court in the manner exhibited. The debtor and Mr. Kafele are both well-educated people who appear to the Court to be quite aware of what they are doing. It is unfortunate they have chosen such a path.

This case will be, and the same is, hereby DISMISSED.

On July 24, 2002, shortly after entry of the dismissal order, the debtor filed motions seeking to vacate the dismissal and for the bankruptcy judge to disqualify or recuse herself. Both of these motions were denied by the bankruptcy court. In its order on the motion for recusal, the bankruptcy court noted that the debtor's motion appeared to be premised on 28 U.S.C. § 455(a), which requires a federal judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The bankruptcy judge found no reasonable basis for questioning her impartiality, observing that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. The judge also noted that she had no extrajudicial knowledge and no predetermined notions relating to the validity of the debtor's position, being unaware of these positions until the hearing on the motion to dismiss. As explained by the bankruptcy judge:

> The Court listened to the debtor's arguments and decided that such arguments did not have legal merit. The Court then further determined that the debtor's pursuit of such theories was causing unreasonable delay in this case. The Court was further disturbed by the reluctance of the debtor and her friend to explain the disposition of large sums of money in which creditors of this estate claimed an interest and which were property of this bankruptcy estate. Such conclusions are not the result of any resistance to a fair inquiry which might produce concern for the impartiality of the process, but come from an evaluation of the testimony and evidence presented at the hearing.

The debtor appealed the dismissal of her case but did not appeal the order denying the recusal motion. By order entered September 30, 2003, the district court dismissed the appeal due to the

5

debtor's failure to comply with Federal Rules of Bankruptcy Procedure 8006 and 8009.[1] The debtor appealed this dismissal to the Court of Appeals for the Sixth Circuit, which affirmed the district court on June 16, 2004. The debtor's subsequent petition for en banc rehearing was denied by the Court of Appeals on October 18, 2004.

All of this procedural history provides the setting for the debtor's current appeal before this bankruptcy appellate panel. On January 22, 2004, while her appeal was pending before the Court of Appeals, the debtor filed in the bankruptcy court (in her dismissed but still open chapter 11 case) a motion for sanctions for willful violations of the automatic stay against the appellees for two mortgage foreclosure actions instituted by them on March 7 and April 23, 2002. The debtor alleged in the motion that the appellees were on notice of her bankruptcy at the time they initiated the foreclosure actions, that she was forced to prepare and file pleadings to have the actions dismissed, and that as a consequence of the appellees' actions, she was "intentionally and willfully harassed, suffered undue mental anguish, stress, and humiliation (private and public)" and was "defamed and libeled" by "[t]he filing of the unlawful civil foreclosure actions." The debtor requested actual and punitive damages in the amount of $2.5 million.

In a one-page order entered February 9, 2004, the bankruptcy court denied the debtor's motion for sanctions without a hearing. The court stated in its order that the motion had been filed nearly a year and a half after the case had been dismissed on July 15, 2002, and that, "[i]n all of the hearings and proceedings before this Court, there was nothing to suggest any willful violation of the automatic stay by these respondents. Rather, it was the debtor's own lack of good faith which was the cornerstone of her bankruptcy case throughout these proceedings."

---

[1] The debtor's brief on appeal was untimely, and she failed to file a transcript of the bankruptcy court proceedings designated by her in the appellate record. In its opinion and order, the district court detailed in great length the procedural history of the case before the district court, which in its estimation demonstrated the debtor's "extreme" and "complete indifference to the rules of this proceeding." The district court observed that during the course of five extensions of time in which to file her opening brief, the debtor sought both from the Court of Appeals for the Sixth Circuit and the United States Supreme Court a writ of mandamus directing the district court to vacate the bankruptcy court's order dismissing her bankruptcy case and to stay all foreclosure proceedings in the state court. According to the district court, both of these petitions were denied.

Dissatisfied with this conclusion, the debtor filed on February 19, 2004, a motion to vacate the order denying her motion for sanctions. The bankruptcy court summarily denied the motion by order entered February 17, 2005. It is this order, in addition to the original February 9, 2004 order denying the sanctions motion, that the debtor has timely appealed.[2] See BAP order entered June 3, 2005 denying appellees' motion to dismiss this appeal as untimely.

## IV. DISCUSSION

The debtor argues that because she adequately pled a cause of action for violation of the automatic stay, the bankruptcy court was required to hear, consider, and award damages. With regard to the bankruptcy court's reference to the debtor's delay in filing the sanctions motion and the debtor's failure to raise the stay violations in other hearings before the bankruptcy court, the debtor responds that there is no statute of limitations to a 11 U.S.C. § 362(h) action and that other proceedings were irrelevant since a motion for violation of the automatic stay is a separate core matter. Finally, the debtor argues that there was no evidence for the court's conclusion that her actions were in bad faith or frivolous.

Section 362(h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." In order to recover under this statute, an individual must establish three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was committed willfully; and (3) that the violation injured the individual seeking damages. *See In re Skeen*, 248 B.R. 312, 316 (Bankr. E.D. Tenn. 2000). A review of the debtor's sanctions motion indicates that she sufficiently pled a § 362(h) cause of action as she asserts. An allegation that the appellees commenced foreclosure actions against the debtor's real property in state court after her bankruptcy filing indicates that a stay violation may have occurred.

---

[2] In their appellate brief, the appellees state that after this appeal was initiated by the debtor, she filed a subsequent bankruptcy case under chapter 7 on June 8, 2005. Although not raised by the parties and not otherwise dispositive of the issues before this panel, we question whether the debtor has standing to pursue this appeal since her claim for sanctions arising out of her chapter 11 case would constitute an asset of her chapter 7 bankruptcy estate until abandoned by the chapter 7 trustee.

See 11 U.S.C. § 362(a)(4) (a bankruptcy filing stays "any act to create, perfect, or enforce any lien against property of the estate"). The allegation that the appellees were notified of the debtor's bankruptcy filing and nevertheless proceeded with foreclosure supports a finding of willfulness. *See In re Skeen*, 248 B.R. at 317 ("The willfulness requirement refers to the deliberateness of the conduct and the knowledge of the bankruptcy filing, not to a specific intent to violate a court order."). And as quoted above, the debtor alleged that she suffered injuries as a result of the appellees's foreclosure actions. *Id.* As a general proposition, upon a finding that a willful violation of the stay has occurred and that damages resulted, an award of damages is mandatory. *In re Taylor*, 884 F.2d 478, 483 (9th Cir.1989).

Furthermore, the debtor is correct that there is no statute of limitations for § 362(h) and that such actions survive dismissal of the bankruptcy case. *See In re Javens*, 107 F.3d 359, 364 n.2 (6th Cir. 1997) (citing *Price v. Rochford*, 947 F.2d 829, 830-31 (7th Cir.1991)). "Since dismissal of an underlying bankruptcy case does not automatically strip a federal court of residual jurisdiction to dispose of matters after the underlying bankruptcy case has been dismissed, exercise of such jurisdiction is left to the sound discretion of the trial court." *Id.* (quoting *In re Lawson*, 156 B.R. 43, 45 (B.A.P. 9th Cir. 1993) (internal citations omitted)).

Nevertheless, in this regard, "[a] bankruptcy court, as a court of equity, . . . must be guided by equitable principles in exercising its jurisdiction." *Matthews v. Rosene*, 739 F.2d 249, 251 (7th Cir. 1984). *See also Bank of Marin v. England*, 385 U.S. 99, 103, 87 S. Ct. 274, 277 (1966) ("There is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction."); *Pepper v. Litton*, 308 U.S. 295, 304, 60 S. Ct. 238, 244 (1939) (bankruptcy courts are courts of equity and law). On occasion, the courts have "applied equitable principles to protect creditors from unwarranted liability arising from application of Section 362." *Matthews v. Rosene*, 739 F.2d at 251 (citing *In re Smith Corset Shops, Inc.*, 696 F.2d 971 (1st Cir. 1982)). *See also In re Soares*, 107 F.3d 969, 977 (1st Cir. 1997) (suggesting that the debtor's bad faith is a relevant consideration in determining requests for retroactive stay relief); *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984) (debtor's lack of good faith in filing chapter 11 petition was a relevant factor in court's retroactive stay annulment); *Adams v. Hartconn Assocs., Inc. (In re*

*Adams)*, 212 B.R. 703, 711-12 (Bankr. D. Mass. 1997) (based on the totality of the circumstances, including a nineteen-month delay in bringing the action, the court concluded that the debtor was barred from recovering for the stay violation); *Nelson v. Post Falls Mazda (In re Nelson)*, 159 B.R. 924, 925 (D. Idaho 1993) (noting in dicta that laches may be an appropriate defense to a § 362(h) action brought after dismissal of the bankruptcy case).

> As stated by the Seventh Circuit Court of Appeals in *Matthews*:
>
> Section 362 is designed to benefit a debtor by preventing harassment and frustration of rehabilitation efforts through pursuit by creditors in individual actions. Suspension of Section 362 automatic stay provisions may be consonant with the purposes of the Bankruptcy Act when equitable considerations weigh heavily in favor of the creditor and the debtor bears some responsibility for creating the problems.

*Matthews v. Rosene*, 739 F.2d at 251. In this regard, one court has cautioned that: "there must be compelling equitable considerations which outweigh the court's need for enforcement of an orderly administration of the bankruptcy estate. Such determination must be made on a case by case basis to insure that there is no suffocation of the stay's intended policy." *Taxel v. Elec. Sports Research (In re Cinematronics, Inc.)*, 111 B.R. 892, 901 (Bankr. S.D. Cal. 1990).

In the instant case, the bankruptcy court plainly concluded that equitable considerations outweighed the debtor's statutory right to recovery under § 362(h). A review of the record in this case reveals no basis for determining that the court abused its discretion in this matter. As the bankruptcy court observed, the motion was filed more than a year and one-half after the case was closed. Thus, there was no risk that denial of the motion would adversely impact the administration of the debtor's estate. The court had already conducted an extensive hearing in connection with the United States trustee's motion to dismiss, from which the court overwhelmingly concluded that the debtor was intentionally and deliberately abusing the bankruptcy process in order to avoid paying her debts and that the actions of the debtor and her boyfriend had resulted in massive diversions of estate property. Contrary to the argument of the debtor, the bankruptcy court was not required to divorce itself from the evidence presented at the earlier hearing in ruling on the debtor's sanctions motion. Similarly, in determining whether to exercise its jurisdiction, the bankruptcy court was free to consider the fact that no suggestion of any stay violation had ever come up in any of the myriad

other hearings and proceedings before the court in this case.[3]  Notwithstanding the debtor's claim of error in the bankruptcy court's ruling, nothing in the record definitely and firmly convinces this panel that the bankruptcy court erred in denying the debtor's sanctions motion.

The panel turns now to the bankruptcy court's denial of the debtor's motion to vacate the order denying the sanctions motion.   The debtor did not identify the rule under which she was proceeding in the motion and merely reargued the merits of the original motion. "Courts have generally viewed any motion which seeks a substantive change in a judgment as a Rule 59(e) motion if it is made within ten days of the entry of the judgment challenged." *In re Barger*, 219 B.R. 238, 244 (B.A.P. 8th Cir. 1998).  Rule 59(e) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 9023, allows a court to consider a "motion to alter or amend a judgment."  The Sixth Circuit Court of Appeals has held that "a court should grant such a motion only 'if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice.'"  *Keenan v. Bagley*, 262 F. Supp 2d 826, 830 (quoting *GenCorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999)).  The rule "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal."  *Sherwood v. Royal Ins. Co.*, 290 F. Supp 2d 856, 858 (N.D. Ohio 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). The debtor bore the burden of showing "that alteration or amendment of the original judgment is appropriate."  *Regions Bank v. Wachovia Bank, NA (In re Goldberg)*, 248 B.R. 209, 211 (S.D. Ga. 2000).

In this appeal, the debtor has not articulated a separate argument as to why the court erred in denying the motion to vacate, other than her original argument that the court erred in denying the sanctions motion.  This panel having concluded that the bankruptcy court did not abuse its discretion as to the sanctions motion, it similarly finds no error in the bankruptcy court's denial of the debtor's motion to vacate.

---

[3]The docket in this case indicates that the bankruptcy court held numerous hearings on motions for relief from stay and the debtor's objections to the motions, although the transcripts of these hearings have not been included in the record.

The final argument raised by the debtor in this appeal is that if this matter is remanded for a hearing on the sanctions motion, the bankruptcy judge should be required to recuse herself for bias. Because remand is not warranted, the debtor's recusal request is moot, except to the extent the debtor's assertion is a separate basis for appeal of the bankruptcy court's decision. To the extent the debtor is challenging the court's refusal to recuse itself, this panel has no jurisdiction since the debtor did not appeal the bankruptcy court's order denying the debtor's recusal motion. *See* Fed. R. Bankr. P. 8002(a) ("The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."); *see also In re Owens*, 1997 WL 693555 at *1 (6th Cir. October 31, 1997) (order) ("Cases interpreting Rule 8002 hold that the rule shall be strictly construed and that timely filing is a jurisdictional requirement.").

Furthermore, even if this panel were to entertain a review of the merits of the debtor's recusal request, it would find no error in the bankruptcy court's ruling. The debtor's sole basis for recusal is that the bankruptcy judge was biased and prejudiced against the debtor as shown by the court's conclusion that the debtor was acting in bad faith. However, as the bankruptcy court noted in denying the debtor's motion, "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). As further explained by the United States Supreme Court:

> [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Id.* There is nothing in the record which would indicate that the bankruptcy judge's opinion of the debtor was derived from an extrajudicial source or that the judge possessed such a high degree of antagonism as to make fair judgment impossible. As such, the panel finds no abuse of discretion.

## V. CONCLUSION

The bankruptcy court did not abuse its discretion in denying both the debtor's motion to impose sanctions on the appellees for their alleged violations of the automatic stay and her subsequent motion to vacate. The debtor's argument concerning recusal of the bankruptcy judge is likewise without merit for the reasons discussed. Accordingly, the bankruptcy court is **AFFIRMED** in all aspects of this appeal.